**William Henry WARD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6919.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 13, 1955.

Decided Feb. 2, 1955.

William Henry Ward, pro se, on brief.

Jane A. Parker, Asst. U. S. Atty., Smithfield, N. C. (Julian T. Gaskill, U. S. Atty., Goldsboro, N. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion under 28 U.S.C. § 2255 to vacate a judgment and sentence of imprisonment. Appellant, who was represented by counsel, entered a plea of guilty to an indictment charging in separate counts armed robbery of a bank and transportation of a stolen automobile in interstate commerce. He took the stand at the hearing, admitted his complicity in the robbery and described in detail how it was committed. After sentence he made a motion to vacate under 28 U.S.C. § 2255 and, when this was denied, sought to appeal therefrom in forma pauperis but the judge found that the appeal was not taken in good faith. He thereupon petitioned this court for a writ of certiorari, which was denied. Ward v. United States, 4 Cir., 199 F.2d 270. A motion by one of his co-defendants to vacate sentence under 28 U.S.C. § 2255 had been denied prior thereto and the denial had been affirmed by this court. Tarkington v. United States, 4 Cir., 194 F.2d 63.

There is no merit whatever in appellant's motion and it was properly denied by the judge below. Appellant seeks to take advantage of a harmless mistake made by the clerk of the court in certifying copy of the indictment in one of the many proceedings which he has instituted; but there is nothing in this of which he can complain. He was

indicted only once. The indictment was returned on October 4, 1948. Counsel was appointed to represent him and plea of guilty was entered on October 5, 1948. He had no defense to the crime charged and voluntarily took the stand and testified to his guilt and that of his associates. The motion and the appeal from the order denying it are frivolous.

Affirmed.